**WO**                                                                                                                        KM

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Benny Berryman,                )   No. CV 10-1035-PHX-GMS (LOA)
                               )
    Plaintiff,             )   **ORDER**
                               )
vs.                            )
                               )
John Doe, et al.,              )
                               )
    Defendants.            )
                               )

On May 12, 2010, Plaintiff Benny Berryman, who is confined in the Maricopa County Lower Buckeye Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a June 4, 2010 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On July 26, 2010, Plaintiff filed his First Amended Complaint. Plaintiff listed a private address on his First Amended Complaint. On August 17, 2010, the Court issued an Order to Show Cause informing Plaintiff that because he had been released, he was required to pay the filing fee or show cause why he could not. On August 19, 2010, the Court received a Notice of Change of Address indicating that Plaintiff was again incarcerated in the Maricopa County Jail.

On October 26, 2010, Plaintiff filed a Response to the Order to Show Cause stating that he cannot pay the filing fee because he has been re-incarcerated.

1  Because Plaintiff is again housed in the Maricopa County Jail, the Court will require
2 Plaintiff to pay the filing fee incrementally. The Court will issue an order to the Maricopa
3 County Jail that directs the Maricopa County Sheriff to resume withdrawing money from
4 Plaintiff's inmate account for payment of the filing fee.

5  The Court will also dismiss the First Amended Complaint (Doc. 9) and this action.

**I.  Statutory Screening of Prisoner Complaints**

7  The Court is required to screen complaints brought by prisoners seeking relief against
8 a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.
9 § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised
10 claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
11 be granted, or that seek monetary relief from a defendant who is immune from such relief.
12 28 U.S.C. § 1915A(b)(1), (2).

13  A pleading must contain a "short and plain statement of the claim *showing* that the
14 pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not
15 demand detailed factual allegations, "it demands more than an unadorned, the-defendant-
16 unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).
17 "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
18 statements, do not suffice." Id.

19  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
20 claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly,
21 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content
22 that allows the court to draw the reasonable inference that the defendant is liable for the
23 misconduct alleged." Id. "Determining whether a complaint states a plausible claim for
24 relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial
25 experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual
26 allegations may be consistent with a constitutional claim, a court must assess whether there
27 are other "more likely explanations" for a defendant's conduct. Id. at 1951.

28

1  But as the United States Court of Appeals for the Ninth Circuit has instructed, courts
2 must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, No. 07-17265, 2010 WL
3 2947323, at *3 (9th Cir. Jul. 29, 2010).  A "complaint [filed by a *pro se* prisoner] 'must be
4 held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting
5 Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

6 **II.   First Amended Complaint**

7  Plaintiff names United States Marshals Bill Doe and Mark Kolc as Defendants in the
8 First Amended Complaint.

9  Plaintiff raises two grounds for relief in the First Amended Complaint.  In Count I,
10 Plaintiff claims that on February 15, 2008, Defendant Doe came to Plaintiff's holding cell,
11 put his knee in Plaintiff's back, pushed Plaintiff against the wall, and used a racial slur
12 toward Plaintiff.  In Count II, Plaintiff claims that on March 6, 2008, Defendants Doe and
13 Kolc conspired to serve Plaintiff "with a bogus arrest warrant."  Plaintiff states that he was
14 released on March 25, 2008, after "21 days of false imprisonment."

15  Plaintiff seeks money damages.

16 **III.   Failure to State a Claim**

17  Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss an *in forma*
18 *pauperis* case at any time, if it fails to state a claim upon which relief may be granted.
19 Failure to state a claim includes circumstances where a defense is complete and obvious from
20 the face of the pleadings. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (applying
21 former § 1915(d) which is now codified at 28 U.S.C. § 1915(e)(2)(B)).  In the absence of
22 waiver, the Court may raise the defense of statute of limitations *sua sponte*. See Levald, Inc.
23 v. City of Palm Desert, 998 F.2d 680, 687 (9th Cir. 1993); see also Hughes v. Lott, 350 F.3d
24 1157, 1163 (11th Cir. 2003) (appropriate to dismiss prisoner's complaint *sua sponte* as time-
25 barred under § 1915(e)(2)(B)); Nasim v. Warden, Maryland House of Correction, 64 F.3d
26 951, 956 (4th Cir. 1995) (*en banc*) (same); Pino v. Ryan, 49 F.3d 51, 53 (2nd Cir. 1995)
27 (same); Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (same); Johnson v. Rodriguez,
28 943 F.2d 104, 107-08 (1st Cir. 1991) (same).

1    In § 1983 actions, the applicable statute of limitations is the forum state's statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 266, 274-76 (1985); Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir. 1991).  The Arizona statute of limitations for personal injury actions is two years. See Ariz. Rev. Stat. § 12-542(1); Madden-Tyler v. Maricopa County, 943 P.2d 822, 824 (Ariz. Ct. App. 1997); Vaughan, 927 F.2d at 478.  The Court must also apply any state rule for tolling to actions brought under § 1983. Hardin v. Straub, 490 U.S. 536, 544 (1989); TwoRivers v. Lewis, 174 F.3d 987, 992 (9th Cir. 1999). Arizona's tolling provision for prisoners' causes of action, A.R.S. § 12-502(B), was repealed effective July 20, 1996. See TwoRivers, 174 F.3d at 995.  Because Plaintiff's claims accrued after repeal of the tolling provision, he cannot seek its shelter.

It appears from the face of Plaintiff's Complaint that his claims accrued more than two years before he filed his Complaint.  His Complaint was filed no earlier than May 7, 2010.[1] Therefore, for this civil rights action to be timely, Plaintiff's claim must have accrued no earlier than May 7, 2008, two years before his Complaint was filed.

"[A] claim generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action." Cabrera v. City of Huntington Park, 159 F.3d 374, 379 (9th Cir. 1998).  Plaintiff has reason to know of both injuries at the time they occurred–in February and March 2008. Accordingly, Plaintiff's claim accrued, at the latest, in March 2008, and, therefore, Plaintiff's claims are barred by the statute of limitations. Moreover, Plaintiff affirmatively alleges that he did not pursue administrative remedies for his excessive force claim, meaning that Plaintiff's claim cannot be tolled for exhaustion. Because both Plaintiff's claims are barred by the statute of limitations, the Court will dismiss the First Amended Complaint and this action.

---

[1] A complaint is deemed filed when handed by the prisoner to a prison official for mailing. See Houston v. Lack, 487 U.S. 266, 270-71 (1988); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (applying "mailbox rule" to a habeas petition). Plaintiff signed his Complaint on May 7, 2010, and it was file stamped by the Court on May 12, 2010; therefore, Plaintiff could not have handed his Complaint to a prison official for mailing any earlier than May 7, 2010.

- 4 -

### IV. Dismissal without Leave to Amend

Because Plaintiff has failed to state a claim in his First Amended Complaint, the Court will dismiss the First Amended Complaint. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. Moore, 885 F.2d at 538.

The Court finds that further amendment of Plaintiff's claims would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's First Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1) Plaintiff's First Amended Complaint (Doc. 9) and this action are **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

(2) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(3) The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

DATED this 17th day of November, 2010.

_____
G. Murray Snow
United States District Judge